KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
James J. Stricker (jstricker@kasowitz.com)
1633 Broadway
New York, New York, 10019
Tel: (212) 506-1700

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------X

ANGELO DELIANIDES,

                        Plaintiff,

            -against-

ARNOLD SALES COMPANY, INC.,

                    Defendant.

------------------------------------------X

**SERVED BY HAND:**
**SEPTEMBER 9, 2011**

Civil Action No.: 11-4331 (DLI)

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

## TABLE OF CONTENTS

Preliminary Statement ................................................................................................... 1

Facts ................................................................................................................................. 2

Argument .......................................................................................................................... 3

       PLAINTIFF'S REQUEST FOR A PRELIMINARY
       INJUNCTION IS A   DRASTIC, UNJUSTIFIED REMEDY
       THAT SHOULD BE DENIED ......................................................................... 3

      A.    Plaintiff Has Not Demonstrated That He Will Suffer
            Irreparable Harm From The Termination Of The Agreement ............................... 3

      B.    Plaintiff Is Not Likely To Succeed on His Claim
            for Wrongful Termination ...................................................................... 5

      C. The Equities Weigh in Favor of Arnold ......................................................... 5

CONCLUSION................................................................................................................. 6

## TABLE OF AUTHORITIES

### Case Law

*Arnold Sales Company, Inc. v. Padula*,
   Index No. 2366-04 (N.Y. Sup. Ct., Suffolk County April 11, 2005) ............................ 5

*Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*,
   598 F.3d 30 (2d Cir. 2010) ............................................................................................. 3

*In re Cuevas*,
   246 A.D.2d 718 (3d Dep't 1998) ..................................................................................... 5

*Forest City Daly Housing, Inc. v. Town of N. Hempstead*,
   175 F.3d 144 (2d Cir. 1999) ........................................................................................... 3

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*,
   596 F.2d 70 (2d Cir. 1979) ............................................................................................. 4

*Jack Kahn Music Co. v. Baldwin Piano & Organ Co.*,
   604 F.2d 755 (2d Cir. 1979) ........................................................................................... 4

*JSG Trading Corp. v. Tray-Wrap, Inc.*,
   917 F.2d 75 (2d Cir. 1990) ............................................................................................. 3

*Lanvin Inc. v. Colonia, Inc.*,
   739 F. Supp. 182 (S.D.N.Y. 1990) ................................................................................. 4

*Nunez v. Cuomo*,
   Slip Copy, 2011 WL 3794230 (E.D.N.Y. Aug. 24, 2011) ............................................. **3**

*P.J. Grady, Inc. v. General Motors Corp.*,
   472 F. Supp. 35 (E.D.N.Y. 1979) ................................................................................... 4

*Roche v. Arnold Sales Company, Inc.*,
   Index No. 28898-04 (N.Y. Sup. Ct., Suffolk County May 25, 2005) ............................ 4

*Shady v. Tyson*,
   5 F. Supp. 2d 102 (E.D.N.Y. 1998) ................................................................................ 3

*Sur La Table Ltd. v. Rosenthal AG*,
   173 A.D.2d 325, 575 N.Y.S.2d 281 (1st Dep't 1991) .................................................... 4

Defendant Arnold Sales Company, Inc. ("Arnold") respectfully submits this Memorandum of Law in opposition to plaintiff's motion for injunctive relief.[1]

## PRELIMINARY STATEMENT

Plaintiff's motion for injunctive relief is entirely improper because, among other things he has not shown and cannot show that: (a) he has any irreparable harm as a result of the parties' dispute concerning their contract, because any "damage" he allegedly asserts can fully be remedied by a monetary damage award; (b) he has a substantial likelihood of success on the merits in this action; and (c) the balance of equities in any manner favor him.  Plaintiff and Arnold are parties to a Distributor's Agreement relating to the distribution of fresh baked products.[2]  The parties' contract expressly provides that Arnold may terminate that contract for "just cause."  (Agreement ¶ 15.)  Here, it is undisputed that one of plaintiff's employees physically assaulted employees of a retail store – and thus that Arnold terminated the agreement for "just cause."  (*See* Complaint ¶ 25.)  While plaintiff argues that the termination was improper, the undeniable fact is that in the unlikely event he proves his claims, he can readily be compensated by monetary damages, thereby precluding injunctive relief.

Moreover, plaintiff has not shown a substantial likelihood of success on the merits, as he does not dispute that his employee assaulted personnel at a retail customer, which clearly is "just cause" for termination.  Finally, the balance of equities favor Arnold, not plaintiff, as Arnold has a right to enforce its contracts and to prevent injury to its good name by allowing plaintiff's employee to assault people in connection with his distribution of Arnold's products.

---

[1]     Submitted herewith in support of Arnold's opposition is the Declaration of James J. Stricker ("Stricker Decl."), dated September 9, 2011

[2]     A copy of the parties Distribution Agreement, as to which both parties took their rights, by assignment, is attached to the Stricker Decl. as Exh. A.

The simple fact is that, under the law and facts, plaintiff must be bound by the agreement that he made, and if he believes Arnold has wrongfully terminated the agreement, he can sue Arnold for damages.  Plaintiff is not entitled to injunctive relief, and his motion must be denied.[3]

## FACTS

In 1970, John Lange as "Wholesaler" entered into the Distributor's Agreement with Settimo Damiani as "Distributor". (Stricker Decl. Exh. A.)  Subsequently, Arnold took by assignment Lange's rights as Wholesaler, and plaintiff took by assignment Damiani's rights as Distributor.  (*See* Complaint ¶¶ 8-9.) The Distributor's Agreement provides that it shall continue in effect "until cancelled by the Wholesaler for just cause" or until the Distributor terminated the agreement.  (Stricker Decl. Exh. A, ¶ 15.)

On August 1, 2011, one of plaintiff's employees, David Gonzalez, was distributing Arnold-brand products to the Fairway Market in Manhattan, and assaulted two employees, first by throwing a loaf of bread at an employee while the employee was drinking coffee, and then physically assaulting another store employee by shoving him in the face.  (*See* Complaint ¶ 25.) On August 6, 2011, after investigating the incident, Arnold terminated the parties' contract.  (*See* August 6, 2011 Letter, Stricker Decl. Exh. B.)  Consistent with the terms of the Distributor's Agreement and as confirmed in the August 6, 2011 letter, plaintiff retained the right to sell his distribution rights to a third-party, and retain the proceeds of that sale.  Pending that sale, Arnold is operating the distribution route for plaintiff's account pursuant to the terms of the parties' contract.  (Stricker Decl. Exh. A, ¶ 8.)

---

[3]    Of course, in the unlikely event that the Court determines to grant any preliminary injunction, it must require Plaintiff to post a bond for any damages that Arnold will incur during the pendency of this action.

## ARGUMENT

## I.

## PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION IS A DRASTIC, UNJUSTIFIED REMEDY THAT SHOULD BE DENIED

It is well-established that a preliminary injunction "is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79-80 (2d Cir. 1990). As this Court recently held in *Nunez v. Cuomo*, Slip Copy, 2011 WL 3794230 (E.D.N.Y. Aug. 24, 2011):

> In order to justify the issuance of a TRO, the movant must show irreparable harm. *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Forest City Daly Housing, Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (citations and internal quotation marks omitted); *see also Shady v. Tyson*, 5 F. Supp. 2d 102, 106 (E.D.N.Y. 1998) ("Essential to a showing of irreparable harm is the unavailability or at least inadequacy of a money damages award."). ... Moreover, the movant generally also must show "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts. Inc.*, 598 F.3d at 35.

*Id.* at *2-3.

Here, plaintiff has not, because he cannot, show that he will suffer irreparable harm, that he is likely to succeed on the merits of his claims, or that that the equities are in his favor -- much less that he has a "clear right" to the drastic remedy he has demanded. Accordingly, his motion should be denied.

A.        **Plaintiff Has Not Demonstrated That He Will Suffer**
          **Irreparable Harm From The Termination Of The Agreement**

Plaintiff has not, and cannot, demonstrate that he will suffer irreparable harm from the

termination of the Distributor's Agreement.  As New York courts repeatedly have recognized, a

distributor such as plaintiff will not suffer irreparable injury upon termination of a distributor's

agreement, because any damages are "readily compensable in monetary damages." *Jackson*

*Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir. 1979).  In *Jackson Dairy*, the

plaintiff, an exclusive distributor of defendant's products, claimed irreparable harm from

cancellation of delivery routes which would disrupt its sales and relations with its customers.

The Court found that because plaintiff's revenues and profits at each store could be easily

calculated, money damages would be adequate compensation for any potential loss of customers

or business that he suffered as a result of the termination.  *Id.* at 72-73 n.3.  *See also Jack Kahn*

*Music Co. v. Baldwin Piano & Organ Co.,* 604 F.2d 755, 763 (2d Cir. 1979) (denying injunctive

relief for allegedly wrongful cancellation of profitable piano distributorship because "[t]here is

no doubt that any such loss is provable"); *P.J. Grady, Inc. v. General Motors Corp.*, 472 F. Supp.

35, 37 (E.D.N.Y. 1979) (where alleged injuries can be calculated as lost profits, injuries are

compensable at law and do not warrant injunctive relief);  *Sur La Table Ltd. v. Rosenthal AG*,

173 A.D.2d 325, 575 N.Y.S.2d 281 (1st Dep't 1991) (termination of exclusive distributorship is

compensable by money damages).  *Lanvin Inc. v. Colonia, Inc. et al.*, 739 F. Supp. 182, 193

(S.D.N.Y. 1990) (citations omitted).

Indeed, New York courts have held that injunctive relief is not appropriate for Arnold

distributors, even though the termination of their Distributor's Agreements was alleged to be

wrongful.  *See Roche v. Arnold Sales Company, Inc.*, Index No. 28898-04 (N.Y. Sup. Ct.,

Suffolk County May 25, 2005) (Emerson, J.) (denying distributor's motion for preliminary

injunction because "money damages are sufficient to compensate him for any injury caused by the defendant's termination of his distributorship"); *Arnold Sales Company, Inc. v. Padula*, Index No. 2366-04 (N.Y. Sup. Ct., Suffolk County April 11, 2005) (Molia, J.) (same). (Copies of the unpublished decisions are attached to the Stricker Decl. as Exhibits D and E.) In both cases, the courts concluded that any damages sustained as a result of the loss of the distributorship were compensable by money damages.

### B.       Plaintiff Is Not Likely To Succeed on His Claim for Wrongful Termination

There is very little chance, if any, that Plaintiff will be able to prevail on his claim for wrongful termination. The distributor's agreement expressly provides that Arnold may terminate the agreement for "just cause." (Agreement ¶ 15.) Here, Arnold had "just cause" to terminate the agreement after plaintiff's employee assaulted not one, but two employees of a retail store. *See, e.g., In re Cuevas*, 246 A.D.2d 718, 719 (3d Dep't 1998) ("abusive or threatening language" constitutes "just cause" for termination). Plaintiff's argument that the provisions of the contract are somehow modified by the fact he operated his business for many years, is simply not consistent with the law or the contract.[4] At anytime that Arnold has "just cause" it may cancel the contract. Given Plaintiff's inability to "clearly demonstrate" that he is likely to succeed on his breach of contract claim, his motion for a preliminary injunction must be denied for that reason as well.

### C.       The Equities Weigh in Favor of Arnold

Finally, plaintiff has not and cannot show that the balance of hardships tips in his favor. Plaintiff is receiving the net proceeds of the operation of his distribution route pending his sale of

---

[4]       Plaintiff actually had been in breach of the parties' Distributor's Agreement on numerous other occasions, including failing to provide adequate service to customers and failing to pay for the products he purchased. (*See* Stricker Decl. Exh. B.)

the distribution rights.  Moreover, the equities tip decidedly in favor of Arnold given that plaintiff's employee assaulted not one, but two, employees of a retail store while distributing Arnold-brand products.  Arnold has a fundamental right to maintain its good name, and hiring an employee who assaulted customers threatens to significantly damage Arnold's well-earned reputation.  To hold otherwise, would not only allow distributors to hide behind the bad acts of their employees whose acts they should be responsible for but also provide no incentive to distributors to properly supervise the employees who they entrust their business to (in whole or in part) without fear of consequence.

## CONCLUSION

For all the foregoing reasons, Arnold respectfully requests that plaintiff's motion for a preliminary injunction be denied in all respects.

Dated: September 9, 2011                   Respectfully submitted,

                                           KASOWITZ, BENSON, TORRES
                                              & FRIEDMAN LLP

                                           By: _____
                                                James J. Stricker

                                           1633 Broadway
                                           New York, New York 10019
                                           (212) 506-1700

                                           Attorneys for Defendant Arnold
                                           Sales Company, Inc.

6